IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSHUA BELL, #1266013 | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv444 |
| MICHAEL COMPTON, ET AL. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joshua Bell, an inmate confined in the Boyd Unit, proceeding *pro se*, filed the above-styled and numbered civil lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

On January 27, 2015, the court ordered Plaintiff to complete the standard § 1983 civil rights form. He was warned that failure to comply with the order within thirty days may result in the dismissal of the lawsuit. The court received an acknowledgment from Plaintiff showing that he received the order on February 13, 2015. He was also ordered to submit within thirty days either the $400.00 filing fee or an application to proceed *in forma pauperis*, together with a certified copy of his trust fund activities. He was again warned that the lawsuit may be dismissed if he timely failed to comply with this order. As of today, Plaintiff has not complied with the orders. He has failed to prosecute his case.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures, prior to dismissing a case with prejudice. *Id.* at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id.*

In the present case, Plaintiff has failed to comply with the court's order in order to proceed on the case. His intentions and actions do not threaten the judicial process and a dismissal with prejudice is inappropriate. Plaintiff complains about events ocurring on or about May 5, 2012; thus, a dismissal without prejudice could be a *de facto* dismissal with prejudice because of the statute of

limitations. A dismissal without prejudice with the statute of limitations suspended is the best option available at this time.

**RECOMMENDATION**

It is therefore recommended that the complaint be dismissed without prejudice for want of prosecution and failure to obey an order. Fed. R. Civ. P. 41(b); Rule 41, Local Rules for the Eastern District of Texas. The statute of limitations for Plaintiff's claims should be suspended for thirty (30) days after the entry of the Order of Dismissal and Final Judgment.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1)

(extending the time to file objections from ten to fourteen days).

**SIGNED this 17th day of April, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE